# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOSA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　Defendant. | Case No. 1:24-cv-01039-JLT-SAB<br><br>ORDER GRANTING MOTION TO APPOINT JENNIFER LOPEZ AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS<br><br>ORDER VACATING DECEMBER 11, 2024 HEARINGS<br><br>(ECF Nos. 13, 14) |

　　　　On November 7, 2024, separate motions were filed for appointment of non-party Jennifer Lopez to act as guardian ad litem for the two minor plaintiffs L.S. and M.S. in this action. (ECF Nos. 13, 14.) The Court finds both matters suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearings set for December 11, 2024 will be vacated and the parties will not be required to appear at that time.

　　　　Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to

act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

Jennifer Lopez, who is not a plaintiff in this matter, is the aunt of minor plaintiffs L.S. and M.S.  (ECF Nos. 13, 14.)  Ms. Lopez proffers that she has no interest potentially adverse to those of plaintiffs L.S. or M.S.  Ms. Lopez asserts that she is a responsible adult and is fully competent to understand and protect the rights of L.S. and M.S.  Ms. Lopez consents to act as guardian ad litem for L.S. and M.S. in this action.  (ECF Nos. 13-1, 14-1.)

Having considered Jennifer Lopez's applications for appointment as guardian ad litem for L.S. and M.S., the Court finds no conflict that would preclude Ms. Lopez from serving as guardian ad litem for L.S. and M.S. in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearings set for December 11, 2024 are VACATED;
2. The applications to appoint Jennifer Lopez as guardian ad litem for minor plaintiffs L.S. and M.S. (ECF Nos. 13, 14) are GRANTED; and
3. Jennifer Lopez is appointed guardian ad litem for minor plaintiffs L.S. and M.S.

IT IS SO ORDERED.

Dated:  **November 8, 2024**

STANLEY A. BOONE
United States Magistrate Judge